951 F.2d 360
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re JOGERT, INC., etc., Debtor.
Betty MOORE; Hilton Beals; Kenneth L. Beals, Plaintiffs-Appellees,
v.
JOGERT, INC.; John W. Reid; Hasso G. Vahl, Defendants-Appellees,
v.
Robert J. CHAMBERLAIN, Appellant.
In re JOGERT, INC., etc. Debtor.
Betty MOORE; Hilton Beals; Kenneth L. Beals, Plaintiffs-Appellees,
v.
JOGERT, INC.; John W. Reid; Hasso G. Vahl, Defendants-Appellees,
v.
Coldwell BANKER, Appellant.
In re JOGERT, INC., etc., Debtor.
Betty MOORE; Hilton Beals; Kenneth L. Beals, Plaintiffs,
v.
JOGERT, INC.; John W. Reid; Hasso G. Vahl, Defendants-Appellants,
v.
COLDWELL BANKER, Appellee.
 No. 89-56251.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1991.
Decided Dec. 20, 1991.
 
 Before D.W. NELSON, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Chamberlain and Coldwell Banker appeal the bankruptcy court's award of damages for fraudulent misrepresentations made in connection with the purchase and sale of a lumber yard. In addition to the issues addressed in the accompanying published opinion, see Moore v. Jogert (In re Jogert), Nos. 89-56251, 89-56252, 89-56254, slip op. ---- (9th Cir. Dec. 1991), appellants challenge the damages awarded by the bankruptcy court, and various procedural decisions of the bankruptcy judge. Jogert, Inc., John W. Reid, and Hasso G. Vahl cross-appeal the bankruptcy court's refusal to award certain compensatory damages, punitive damages, and attorneys' fees. We have jurisdiction under 28 U.S.C. § 158(d).
 
 
 3
 After reviewing the record, the briefs submitted by the parties, and the oral arguments of counsel, we affirm (1) the return of the brokerage commission to the seller, (2) the award of attorney's fees to the buyer and seller, (3) the bankruptcy court's refusal to grant a continuance, and (4) the denial of punitive damages. In so doing, we adopt the reasoning of those portions of the district court's Memorandum Opinion and Order filed on September 18, 1989 pertaining to these issues.
 
 
 4
 Two other issues remain: the calculation of compensatory damages, and the matter of recovery by Reid and Vahl of lost wages.
 
 
 5
 As to the latter, the record demonstrates conclusively that Reid and Vahl lost employment income as a result of the broker's misconduct. This is a loss for which they are entitled to recover as a matter of law. See Cal.Civ.Code §§ 3333, 3343. In this particular respect, we reverse the district court and remand for the limited purpose of promptly recalculating the bankruptcy court's award of compensatory damages to include lost income.
 
 
 6
 As to the former, we hold that the bankruptcy court and the district court erred in failing to offset the total losses that the buyer and seller each claimed from the broker by whatever amounts they exchanged in settlement between each other. The district court clearly erred in concluding that the "$200,000 [down payment] may have disappeared 'in the crack' in the course of the compromise between buyers and sellers," Moore v. Jogert, Inc. (In re Jogert, Inc.), No. CV-85-0337-HLH at 21 (C.D.Cal. Sept. 18, 1989), but not in doubting that the settlement involved a loan. Id. at 19. A court must consider the whole pie in determining what slices have been lost. We reverse on this discrete issue and remand to the district court to calculate promptly the amount that must be offset against the award of $200,000 pertaining to the down payment, and to apply the calculated amount against the awarded recovery. See Cal.Civ.Proc.Code § 877.
 
 
 7
 AFFIRMED in PART, REVERSED in PART, and REMANDED.
 
 
 8
 The parties shall bear their own costs generated by this appeal.
 
 
 
 *
 This disposition is not appropriate for publication, and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3